UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

ANTWONE MAURICE SHAW,           )
                                )
    Petitioner,                 )       Civil Action No. 12-CV-113-JBC
                                )
v.                              )
                                )
DEBORAH A. HICKEY, Warden,      )       **MEMORANDUM OPINION**
                                )       **AND ORDER**
    Respondent.                 )

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Antwone Maurice Shaw is an inmate currently confined in the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Shaw has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he contends that the Bureau of Prisons ("BOP") must credit time he spent in state custody against his federal sentence.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and construes his legal claims liberally in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

In June of 2009, while Shaw was serving a seven-year state prison sentence in the Luther Luckett Correctional Complex in LaGrange, Kentucky, he was indicted on federal charges in the Western District of Kentucky for drug trafficking, possession of firearms, and aiding and abetting, all in violation of 21 U.S.C. §§ 841(a)(1), 846, and 853, and 18 U.S.C. §§ 2, 922(g)(1) and 924(a)(2). On July 21, 2009, Shaw was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* to be arraigned on the federal charges, where he remained throughout his federal proceedings. On July 27, 2010, Shaw entered into an agreement with the United States to plead guilty to all but the forfeiture count. On September 2, 2010, while still in federal custody pursuant to the writ, Shaw was paroled from his state sentence. On February 4, 2011, Shaw was sentenced to a 75-month term of imprisonment on each count, to be served concurrently with each other. *United States v. Shaw*, No. 3:08-CR-24-JGH-1 (W.D. Ky. 2008). The BOP commenced Shaw's federal sentence on the date it was imposed, February 3, 2011, with prior custody credit from the date of his state parole, beginning on September 3, 2010. [R. 9, p. 5]

Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is governed by federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

>   (1) as a result of the offense for which the sentence was imposed; or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements Section 3585 through Program Statement 5880.28.

When an individual violates the criminal laws of two or more sovereigns, the first sovereign to arrest the defendant obtains "primary custody" over him, which entitles that sovereign to require the defendant to serve his criminal sentence imposed by it first. *Ponzi v. Fessenden*, 258 U.S. 254 (1922). This primary custody remains until the sovereign expressly relinquishes its control over the person, *Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982), which may be shown where it dismisses all the charges against him or releases the defendant upon service of the sentence imposed or releases him to parole. *Berry v. Sullivan*, 2007 WL 4570315, at *2 (D.N.J. 2007). The fact that Shaw was temporarily transferred into federal custody pursuant to a writ of habeas corpus *ad prosequendum* did not cause the Commonwealth of Kentucky to relinquish primary custody. *Easley v. Steep*, 5 F. App'x 541, 543 (7th Cir. 2001). Kentucky obtained primary jurisdiction over Shaw because it arrested and convicted him first, and he was in the custody of Kentucky serving a state sentence when he was indicted on the federal charges. Shaw was temporarily removed from the Kentucky state prison for prosecution of the federal charges; however, he remained in the primary custody of Kentucky during all of the time he was removed for court proceedings on the federal charges. On

3

September 2, 2010, while he was on federal writ status, he was paroled on the 7-year state sentence. Pursuant to a federal detainer, Shaw remained in custody pending the resolution of his federal case. Shaw was sentenced in the federal case on February 4, 2011, and he received jail credit on his federal sentence for the time spent in custody from September 3, 2010, through February 3, 2011.

Credit for the time period for which Shaw seeks credit, from July 10, 2009, through September 2, 2010, is precluded by Program Statement 5880.28 and 18 U.S.C. § 3585(b). During this time, Shaw was in the primary custody of Kentucky, and this time was credited toward service of his 7-year state sentence. This period may not also be credited toward his federal sentence, as such would constitute an impermissible "double counting" of this time. *United States v. Wilson*, 503 U.S. 329, 337 (1992); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003); *Huffman v. Perez*, No. 99-6700, 2000 WL 1478368 (6th Cir. Sept. 27, 2000). For this reason, Shaw is not entitled to any prior custody credit on the federal sentence before September 3, 2010. Because the record fails to indicate that Shaw is entitled to additional credit, his petition does not provide a basis for relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Shaw's petition for writ of habeas corpus [R. 1] and as amended [R. 4] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

Signed on October 26, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY